42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin PHILLIP, Plaintiff-Appellant,
v.
Eloy MONDRAGON, Secretary of Corrections; and Canteen
Corporation, Defendants-Appellees.
 No. 94-2141.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Phillip appeals the dismissal of his 42 U.S.C.1983 civil rights claim as frivolous under 28 U.S.C.1915(d). Mr. Phillip is an inmate in a New Mexico correctional facility. He has claimed that he has been and continues to be denied minimum wages for working for a private entity, Canteen Corporation, Inc., on prison grounds. The district court correctly stated that the Fair Labor Standards Act, 29 U.S.C. 201 et seq., does not normally apply to prisoners, citing Franks v. Oklahoma State Indus., 7 F.3d 971 (10th Cir.1993). If Mr. Phillip were relying solely on the FLSA, we would agree that his claim should have been dismissed. However, Mr. Phillip has pleaded, albeit not artfully, other grounds for relief. Accordingly, we find his claim not to be frivolous, and we remand for further proceedings.
 
 
 3
 "[W]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Construing the pro se pleadings liberally, Mr. Phillip has made a colorable claim of an equal protection violation.
 
 
 4
 Although he failed to specify the state statute in his initial complaint, it is now clear that Mr. Phillip is basing his complaint on N.M. Stat. Ann. 33-8-13. Under this provision, the Corrections Department may allow "private enterprises" to operate on correctional facility grounds, provided that "the enterprise shall be deemed a private enterprise and subject to all laws governing the operation of similar private business enterprises." The only exception stated in the law is that the "provisions of the Unemployment Compensation Law shall not apply to inmate employees." Mr. Phillip argues that the Canteen Corporation is a "private enterprise" operating at the prison under the authority of 33-8-13. Accordingly, it should be subject to all laws governing the operation of private businesses, including minimum wage laws. Mr. Phillip has also alleged that there are at least five other private industries operating within the confines of New Mexico correctional facilities, all of which pay at least minimum wages for inmate labor. Assuming, arguendo, these facts to be true, Mr. Phillip has stated that he is being deprived of a property right (the right to earned and future minimum wages) by the state while other similarly situated inmates are not. We construe this as a claim of deprivation of equal protection of the laws. Even though the claim as pled would be judged under the rational basis test, it is sufficient to survive a frivolousness dismissal.
 
 
 5
 Mr. Phillip states that he requested and was denied back wages. He did not elaborate on what procedure was used, but we note that he is not required to exhaust his state or administrative remedies before filing a 1983 claim. Patsy v. Florida Bd. of Regents, 457 U.S. 496, 500-01 (1982).
 
 
 6
 This case seems to be ideal for a Martinez report pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978). Such a report should seek to clarify if the Canteen Corporation is operating under the authority of 33-8-13 or some other provision of state law. The report should also attempt to determine if Mr. Phillip's allegations regarding other private enterprises operating on prison grounds are true, and, if they are, what justification the Department of Corrections has for exempting the Canteen Corporation from the minimum wage laws.
 
 
 7
 We reverse the dismissal of the petition, and remand to the district court for further proceedings consistent with this opinion.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470